IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRUSTEES OF THE UTAH CARPENTERS' AND CEMENT MASONS' PENSION TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> PERRY OLSEN FAMILY PARTNERSHIP, an unincorporated partnership; UNLIMITED DESIGNS, INC., a Utah corporation; and PHASE II CONSTRUCTION, INC., a Utah corporation, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:11-cv-593-TC-PMW <br><br><br><br><br> District Judge Tena Campbell <br><br> Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Perry Olsen Family Partnership; Unlimited Designs, Inc.; and Phase II Construction, Inc.'s (collectively, "Defendants") motion to stay all proceedings in this case;[2] and (2) Trustees of the Utah Carpenters' and Cement Masons' Pension Trust's ("Plaintiffs") motion for an extension of certain dates and deadlines in the current scheduling order.[3]  The court has carefully reviewed the written memoranda submitted by

---

[1]  *See* docket no. 20.

[2]  *See* docket no. 33.

[3]  *See* docket no. 35.

the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District

Court for the District of Utah, the court has concluded that oral argument is not necessary and

will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

## RELEVANT BACKGROUND

In July 2006, Plaintiffs issued notices of withdrawal liability with respect to a

multiemployer pension plan ("Plan") against Perry Olsen Drywall, Inc.; Okland Construction,

Inc.; New Star General Contractors; and Culp Construction (collectively, "Employers") pursuant

to the Multiemployer Pension Plan Amendments Act of 1980.  Thereafter, those parties initiated

arbitration.  Over a period of four years, those parties arbitrated their positions which resulted in

six arbitration awards (collectively, "Arbitration Award").  The Arbitration Award awarded

Plaintiffs $3,309,023.00 in initial withdrawal liability, $788,416.98 in attorney fees and costs,

and expenses of $119,095.25.  Of this amount, Perry Olsen Drywall, Inc. was obligated to pay

$1,022,961.00 in initial withdrawal liability, $197,104.25 in attorney fees and costs, and

$30,186.31 in administrative costs.

On August 17, 2010, Plaintiffs filed an action in this court to enforce one portion of the

Arbitration Award.  *See Trustees of the Utah Carpenters' and Cement Masons' Pension Trust v.*

*Perry Olsen Drywall*, Case No. 2:10-cv-809-DS ("Related Case").  The Employers also filed

individual actions in this court to vacate or modify the Arbitration Award.  The Employers'

actions were subsequently consolidated into the Related Case as counterclaims to vacate or

modify the Arbitration Award.  The Related Case is now pending before Judge Sam and

cross-motions for summary judgment have been filed.  No final judgment or order has yet been entered to either enforce, vacate, or modify the Arbitration Award.

While the above-referenced arbitration proceedings were being conducted, Plaintiffs decided, on May 9, 2007, to reject the contributions being made by the Employers effective December 31, 2006, under their various labor contracts.  On July 30, 2007, Plaintiffs declared a mass withdrawal, claiming no employers having an obligation to contribute remained in the Plan after December 31, 2006.  On June 15, 2009, Plaintiffs provided Perry Olsen Drywall, Inc. with a notice of reallocation liability resulting from the alleged mass withdrawal and assessed Perry Olsen Drywall, Inc. the sum of $1,053,067.00 in reallocation liability.

Perry Olsen Drywall, Inc. requested arbitration over Plaintiffs' assessment of reallocation liability.  The request for arbitration was rejected by the Plaintiffs, who claimed that arbitration had been waived.  On February 9, 2010, Perry Olsen Drywall, Inc. filed an action to compel arbitration regarding the Plaintiffs' claim of reallocation liability in another case in this court. *See Perry Olsen Drywall v. Trustees of the Utah Carpenter and Masons' Pension Fund*, Case No. 2:10-cv-98-TS.  In that case, the parties filed cross-motions for summary judgment and were awaiting oral argument set for March 21, 2011, when Perry Olsen Drywall, Inc. was forced to file bankruptcy on February 18, 2011.  Because Perry Olsen Drywall, Inc. filed bankruptcy, Chief Judge Ted Stewart entered an order administratively closing the case before him, requiring the parties to provide five days notice to reopen the case for any reason.  Therefore, that case is effectively stayed.

With respect to Employers Okland Construction, Inc.; New Star General Contractors; and Culp Construction, all of which also invoked arbitration, Plaintiffs did not claim arbitration was waived. Instead, those Employers and Plaintiffs selected an arbitrator and promptly agreed to hold in abeyance, or stay, the arbitration proceedings regarding the Plaintiffs' claim of reallocation liability pending the outcome of the Related Case.

Perry Olsen Drywall, Inc. was assessed initial withdrawal liability and was forced to make sixteen equal interim quarterly payments, commencing September 3, 2006, with a final payment of $57,397.00. No dispute exists that Perry Olsen Drywall, Inc. made all of its interim initial withdrawal payments prior to bankruptcy, except the final payment of $57,397.00. Perry Olsen Drywall, Inc.'s obligation to make interim payments on its assessed reallocation liability was to commence following its final payment of initial withdrawal liability. Due to its bankruptcy, Perry Olsen Drywall, Inc. failed to make any interim payments towards Plaintiffs' assessment of reallocation liability.

This action was filed on June 27, 2011. Plaintiffs' complaint seeks a judgment against Defendants based on the assertion that Defendants are trades or businesses under common control with Perry Olsen Drywall, Inc. and, therefore, are responsible for the latter's remaining initial withdrawal liability of $57,397.00 and outstanding reallocation withdrawal liability.

As noted by Defendants, a short explanation of the Related Case is necessary for the purposes of Defendants' motion to stay in this case. In the Related Case, Plaintiffs claim they had the power to disregard, or nullify, the Employers' labor contracts containing an obligation to contribute to the Plan because the labor contracts were transactions designed, as a principal

4

purpose, to evade or avoid withdrawal liability.  Plaintiffs claim that the Employers' contractual

contributions to the Plan under the labor agreements were disguised payments of withdrawal

liability.  On the other hand, the Employers claim that they did not withdraw from the Plan, but

instead were wrongfully kicked out of the Plan by Plaintiffs and wrongfully assessed initial and

reallocation withdrawal liability.  According to Defendants, if Plaintiffs are unsuccessful in the

Related Case, they will have no basis to proceed against Defendants in this case.  As noted

above, cross-motions for summary judgment in the Related Case are now fully briefed and ready

for Judge Sam's consideration.

## ANALYSIS

The motions before the court are (1) Defendants' motion to stay all proceedings in this

case and (2) Plaintiffs' motion for an extension of certain dates and deadlines in the current

scheduling order.  The court will address the motions in turn.

### I.  Defendants' Motion to Stay

Defendants move the court to stay all proceedings in this case pending a final judgment in

the Related Case.  "[T]he power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "The

granting of [a] stay ordinarily lies within the discretion of the district court."  *Pet Milk Co. v.

Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (per curiam).

> In assessing the propriety of a stay, a district court should consider:
> whether the defendants are likely to prevail in the related
> proceeding; whether, absent a stay, the defendants will suffer

5

> irreparable harm; whether the issuance of a stay will cause
> substantial harm to the other parties to the proceeding; and the
> public interests at stake.

*United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).  The

court now turns to addressing those factors.

First, the court considers the Employers' likelihood of prevailing in the Related Case.

While Defendants addressed this factor in their written submissions, Plaintiffs did not.  The court

is persuaded by Defendants' arguments.  It appears that the Employers have at least a reasonable

likelihood of prevailing in the Related Case.  Accordingly, the court concludes that this factor

weighs in favor of a stay.

Second, the court addresses whether, absent a stay, Defendants will suffer irreparable

harm.  Defendants argue that there is a risk of inconsistent results in this case and the Related

Case.  Specifically, Defendants contend that if the defendants in the Related Case prevail and

Plaintiffs prevail in this case, Defendants would be left without an adequate remedy and

Plaintiffs would be left with a windfall.  The court agrees with Defendants' argument and

concludes that this factor weighs in favor of staying this case.

Third, the court considers whether the issuance of a stay would cause substantial harm to

Plaintiffs.  The court concludes that it would not.  Although Plaintiffs contend that any delay in

this case would prejudice them, the court has determined that the delay in this case caused by a

stay should not be substantial.  As noted above, briefing on the cross-motions for summary

judgment in the Related Case is now complete, and those motions are before Judge Sam for his

consideration.  According to Defendants, once those motions are decided, only the issues of

6

attorney fees and costs will remain.  Defendants also note that a stay will not substantially affect Plaintiffs' financial position.  As noted above, nearly all of Perry Olsen Drywall, Inc.'s withdrawal liability was paid prior to its bankruptcy and the case related to its reallocation liability has been effectively stayed.  For these reasons, the court concludes that this factor weighs in favor of a stay.

Finally, the court addresses the public interests at stake.  The court concludes that principles of judicial economy dictate that a stay of this case is appropriate.  Staying this case pending resolution of the Related Case will aid in avoiding inconsistent results in the two cases. In addition, staying this case will help avoid unnecessary litigation because this case and the Related Case require resolution of many of the same legal issues.  Further, the court concludes that staying this case will conserve the time and resources of the parties, as well as those of the court.

Based on the foregoing, the court concludes that this case should be stayed pending resolution of the Related Case.  Accordingly, Defendants' motion for a stay is granted.  Once a final judgment has been entered in the Related Case, the parties shall notify the court of the status of this case and their intentions to proceed.  Said notification shall be filed with the court within thirty (30) days of the entry of final judgment in the Related Case.  If it is necessary for this case to go forward, the court will address the issue of scheduling at that time.

## II.  Plaintiffs' Motion for Extension of Dates and Deadlines

Given that the court has granted Defendants' motion to stay all proceedings in this case, Plaintiffs' motion for an extension of certain dates and deadlines in this case is moot.  As noted above, the court will address the issue of scheduling if and when this case moves forward.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1.      Defendants' motion to stay[4] is **GRANTED**, and all proceedings in this case are stayed pending resolution of the Related Case.

2.      Plaintiffs' motion for an extension of certain dates and deadlines in the current scheduling order[5] is **MOOT**.  Any future scheduling in this case will be handled in the manner described above.

**IT IS SO ORDERED**.

DATED this 1st day of June, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4]  *See* docket no. 33.

[5]  *See* docket no. 35.

8